IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-43035-TJM |
| | ) | |
| HAVEN MANOR, INC., | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |

ORDER

   Hearing was held in Lincoln, Nebraska, on April 11, 2012, regarding Fil. #31, Application for Administrative Expenses, filed by the Nebraska Department of Labor, Catherine D. Lang, Commissioner of Labor; Fil. #37; Objection, filed by Trustee Joseph H. Badami; and Fil. #39, Response, filed by the Nebraska Department of Labor, Catherine D. Lang, Commissioner of Labor. Joseph Badami appeared as Trustee and Thomas Ukinski appeared for the Nebraska Department of Labor.

   The debtor filed this Chapter 7 proceeding on November 22, 2011. It had apparently been an ongoing business that terminated operations at the end of October 2011.

   The Nebraska Department of Labor, an agency of the State of Nebraska charged with the enforcement of the unemployment laws of the state, including, but not limited to the collection of state unemployment wage contributions or taxes, filed an application for allowance of the Nebraska Department of Labor's administrative claim in the amount of $916.52. It bases its request on wage reports filed by the debtor for the fourth quarter of 2011. The Department of Labor characterizes the accrued taxes as post-petition taxes because the statute concerning the payment of such taxes, Neb. Rev. Stat. § 48-648(1) (Reissue 2010), provides that "combined tax shall become due and payable by each employer . . . in such manner and at such times as the Commissioner may, by rule and regulation, prescribe . . . ". Under the Rules and Regulations of the Nebraska Department of Labor, combined taxes are due and payable on the "last day of the next month following the calendar quarter for which the combined tax has accrued." 220 Nebr. Admin. Code 1 § 002. Accordingly, the tax that accrued through the month of October in the fourth quarter of 2011 was due and payable on the 31st of January 2012, after the petition had been filed.

   The Chapter 7 Trustee has objected on the basis that the taxes accrued pre-petition and, therefore, should fall into the priority scheme of 11 U.S.C. § 507(a)(8)(D). That section states an eighth priority for

   (8) . . . allowed unsecured claims of governmental units, only to the extent that such claims are for –
    . . .
   (D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (4) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition[.]

   The Department of Labor asserts that this subsection precludes treating the tax debt as a

pre-petition debt with such priority because of the phrase "for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition." It assumes that this provision deals only with taxes for which a return is due pre-petition.

The application for treatment of the tax as an administrative expense is denied. 11 U.S.C. § 503(b)(1)(B) provides for the allowance of administrative expenses, including the actual, necessary costs and expenses of preserving the estate including "any tax incurred by the estate." § 503(b)(1)(B)(i). There is no question that the taxes involved in this application were incurred pre-petition, prior to the existence of an estate and were incurred by the debtor itself. Therefore, the tax cannot be treated as an administrative expense.

However, the tax does fall into the eighth priority under 11 U.S.C. § 507(a)(8)(D). Regarding the issue of whether this debt is a priority debt under § 507(a)(8)(D) for employment taxes incurred pre-petition "for which a return is last due . . . after three years before the date of the filing of the petition," there is recent case law that says "after three years" includes post-petition dates. The Sixth Circuit, in Michigan Dept. of Treasury v. Hight (In re Hight), 670 F.3d 699 (6th Cir. 2012), said

> [T]he plain meaning of the phrase "after three years before the date of filing the petition" includes all dates that occur after the date set three years before the filing of the bankruptcy petition, including those that occur after the date of the petition. The language does not limit the period exclusively to the three-year period between the lookback date and the date the petition was filed.

Id. at 703.

Hight was a Chapter 13 case, and the issue was the debtor's filing of a proof of claim for her 2008 taxes after she filed bankruptcy in January 2009. The taxing authority argued that she did not have the right to do that, but the Circuit disagreed. The appellate court further noted that to limit the three-year period to a pre-petition term would nullify § 502(i), which applies to a claim "that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8)."

The 10th Circuit Bankruptcy Appellate Panel also interpreted the three-year language in another subsection of § 507(a)(8) to include post-petition dates:

> [T]he IRS suggests § 507(a)(8)(A)(i) applies only to taxes for which a return was due within three years before the filing of the bankruptcy petition. This assertion misreads the provision. It actually applies when the return was last due after, not within, three years before the petition was filed. The Debtors' 1992 return was due after they filed for bankruptcy. While the IRS is correct that the return was not due "within" three years before they filed for bankruptcy, a return coming due after the petition was filed is indeed due "after three years before" the petition, which is what the statute requires.

Dixon v. Internal Revenue Serv. (In re Dixon), 218 B.R. 150, 153 (B.A.P. 10th Cir. 1998).

While the unpaid unemployment insurance taxes do not constitute an administrative expense, they are entitled to priority under § 507(a)(8)(D).

IT IS ORDERED: The Application for Administrative Expenses filed by the Nebraska

Department of Labor (Fil. No. 31) is denied. The tax claim of the Department of Labor is hereby allowed as an eighth priority unsecured claim.

    DATED:    April 16, 2012

    BY THE COURT:

    /s/ Timothy J. Mahoney
    United States Bankruptcy Judge

Notice given by the Court to:
   Joseph H. Badami
   *Thomas Ukinski
   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.